IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DARRELL L. WINSTON                                              PLAINTIFF

v.                          No. 2:10-cv-172-DPM

DEPARTMENT OF ARKANSAS STATE POLICE               DEFENDANT

PROTECTIVE ORDER

The joint motion for protective order, *Document No. 10*, is granted.

1.      Confidential Information, as later defined herein, and obtained by either party in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation: personnel files, proprietary information, and other matters now requested or hereinafter requested by the Plaintiff, from the Defendant, and as agreed to by the parties, relating to the operation and organization of the Defendant and such other information as may be deemed by this Court to be relevant or material herein.  Defendant will designate this

information as "Confidential Information" with the method of designation set forth in the letter of transmittal to Plaintiff's counsel. If Plaintiff disputes that the designated information is confidential, and if, after discussion with Plaintiff's counsel no agreement can be reached, Defendant shall file a Rule 26(c) motion, pursuant to the Federal Rules of Civil Procedure, demonstrating good cause as to why the information should be designated as confidential. *See Miles v. Boeing Co*, 154 F.R.D. 112, 114 (E.D.Pa. 1994), citing *Zenith Radio Corporation v. Matsushita Electric Indus. Co.*, 529 F.Supp. 866 (E.D.Pa. 1981).

3. Except with the prior written consent of the Defendant, or pursuant to further Orders of this Court on motion with notice to the Defendant, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff, Plaintiff's counsel and any future counsel of record for the Plaintiff in this action, secretaries, paraprofessional assistants, experts, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action. All persons designated as "Qualified Persons" shall be bound by the terms of this order.

4. Documents disclosed pursuant to this Order shall not be in the custody of the Plaintiff.

5. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

a) Upon request by Defendant, Plaintiff's counsel shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

b) Counsel and all Qualified Persons are enjoined from disclosing in any matter any Confidential Information obtained during the course of this proceeding.

6. In the event Confidential Information is designated to be used by any party in this proceeding in deposition, pleading, motions, or at trial in this matter, the parties shall agree to the terms and conditions of disclosure pursuant to written stipulation. Alternatively, if no agreement can be reached, the party desiring to use the Confidential Information shall

submit it to the Court under seal and request an *in camera* review. In that event, disclosure shall be in the manner ordered by the Court.

7. Plaintiff's current counsel shall explain to Plaintiff the terms of this Protective Order, including the requirements and restrictions he must observe.

8. Nothing in this Order shall be construed to affect any person's rights under any other law to obtain information or documents from a public agency.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2012